RENDERED: MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0020-MR

KYLE THOMPSON                                               APPELLANT


v.                APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE JOHN D. SIMCOE, JUDGE
ACTION NO. 14-CR-00344


COMMONWEALTH OF KENTUCKY                     APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, GOODWINE, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: Kyle Thompson appeals from the denial of his

postconviction motion brought pursuant to Kentucky Rule of Criminal Procedure

(RCr) 11.42 by the Hardin Circuit Court. We affirm.

         Thompson was sentenced to life imprisonment after being convicted

of, among other offenses, murder. Our Supreme Court affirmed on direct appeal in

2016. *Thompson v. Commonwealth*, No. 2015-SC-000245-MR, 2016 WL

5239680 (Ky. Sep. 22, 2016). Primarily alleging his counsel was ineffective,

Thompson filed the RCr 11.42 motion at hand roughly six years later. The motion thus facially violates RCr 11.42(10), which requires an 11.42 motion to be brought "within three years after the judgment becomes final . . . ." Thompson acknowledged that his motion was untimely but asserted it should nonetheless be deemed timely by application of equitable tolling due to his mental health challenges, which he asserted prevented him from timely filing an RCr 11.42 motion. The trial court denied the motion without first holding a hearing. Thompson then filed this appeal.

Thompson bears the burden of demonstrating an entitlement to equitable tolling. *Williams v. Hawkins*, 594 S.W.3d 189, 194 (Ky. 2020). Our Supreme Court has set an extremely high bar for an RCr 11.42 movant to surmount to receive an evidentiary hearing as to whether equitable tolling should be applied.

Thompson is not automatically entitled to application of equitable tolling merely because he claims he was mentally incompetent. *Commonwealth v. Carneal*, 274 S.W.3d 420, 429 (Ky. 2008). Instead, Thompson must show that "the circumstances preventing [him] from making a timely filing were both beyond [his] control and unavoidable despite due diligence." *Id.* (internal quotation marks and citation omitted). What that means in practical terms is that, under the language of *Carneal*, Thompson must show that he was "totally incompetent for the uninterrupted duration" of the three-year filing period. *Id.*

Thompson has not met that ***extremely*** steep burden. Thompson claims that antidepressants given to him in prison rendered him incompetent, but the documents he attached to his motion do not adequately support that argument.

For example, Thompson submitted as an exhibit to his RCr 11.42 motion a June 2017 letter sent to him by an attorney at the Department of Public Advocacy which begins by stating that the attorney had "read your [Thompson's] 11.42 petition . . . ."[1] The attorney offers constructive criticism about improving the motion but does not describe it as indecipherable or incomprehensible. Thus, within a year after our Supreme Court issued its opinion affirming on direct appeal, Thompson had the ability to draft an RCr 11.42 motion and correspond with an attorney about ways to improve it.

In early 2017, Thompson also submitted a motion to proceed *in forma pauperis* and for appointment of counsel. That motion erroneously stated that Thompson had filed an RCr 11.42 motion. Therefore, within the three-year filing period, Thompson had the mental acuity to seek relief in the courts despite now claiming he was incompetent. A person suffering from total mental incapacitation

---

[1] Unfortunately, the 11.42 and the dozens of pages of attachments thereto are unpaginated and contained in a manilla envelope separated from the rest of the record. The lack of pagination and binding makes it difficult to locate, and cite, specific portions of the motion and its attachments. In the future, the circuit court clerk must place documents in a bound, paginated volume of record under Kentucky Rule of Appellate Procedure (RAP) 26(B).

would logically lack the ability to file any type of *pro se* motion, or to draft an RCr 11.42 motion and correspond with an attorney about ways to improve it.

Thompson also attached medical records to his RCr 11.42 motion, but they also are insufficient to show he was completely incapacitated "for the duration." Those records generally indicate that Thompson was suffering from depression and was prescribed medications for that condition, but Thompson has not pointed to documentation showing he was mentally incompetent. To the contrary, at least some records state Thompson was doing well and was not delusional.

Thompson also submitted a generic list of potential side effects which persons taking the medications he was prescribed may potentially suffer. But the issue is not what side effects some persons may suffer; the issue is whether Thompson suffered side effects so serious that he was incapacitated. Thompson points to no proof indicating that he suffered from incapacitating side effects.

Our conclusion is reinforced by our Supreme Court's decision in *Carneal*, *supra*. In that case, Carneal pleaded guilty but mentally ill to murder and submitted an RCr 11.42 motion, along with other motions such as to withdraw his guilty plea, five years later. *Carneal*, 274 S.W.3d at 424. Carneal presented evidence from experts that he suffered from schizophrenia and had been incompetent to plead guilty as he had suffered from hallucinations and delusions.

*Id.* at 425.  Carneal argued that his mental incompetence meant he was entitled to equitable tolling to "save[] an otherwise untimely RCr 11.42 motion."  *Id.* at 429. The trial court rejected the equitable tolling argument and denied Carneal's RCr 11.42 motion as untimely.  *Id.* at 425.

Our Supreme Court summarily and emphatically rejected Carneal's claim that he was entitled to equitable tolling.  The entirety of our Supreme Court's substantive discussion of equitable tolling is as follows:

> The trial court also rejected Carneal's argument that his ongoing mental incompetence saved an otherwise untimely RCr 11.42 motion.  This Court has recognized the doctrine of equitable tolling as applicable to post-conviction motions.  While an ongoing mental incompetence may warrant equitable tolling, a claim of mental incompetence does not constitute a *per se* reason to toll a statute of limitations.  Rather, the critical inquiry remains whether the circumstances preventing a petitioner from making a timely filing were both beyond the petitioner's control and unavoidable despite due diligence.  Carneal has not satisfied this burden.
>
> Dr. Cornell's report concerns Carneal's mental state at the time of the offense and the sentencing, with some analysis of his current mental condition.  What reference is made to Carneal's mental condition during the intervening six years does not support a finding of ongoing mental incompetence.  Carneal has been medicated since 1999, and all psychological reports indicate that the intensity of his mental disorder ebbs and flows, logically indicating at least temporary periods of mental competency.  Reports filed at the 18-year-old hearing indicate Carneal's mental condition stabilized during his juvenile detention, that he was able to meaningfully participate in group therapy, and that he

-5-

earned a high school diploma and GED. In adult corrections, Carneal has been treated with more effective medication and has earned credits towards an associate's degree.

In his report, Dr. Cornell explains that schizophrenia is a severe mental illness that is characterized by episodes of psychosis followed [by] less severe periods when the patient may have residual symptoms or in some cases, relatively normal functioning. As is consistent with the disorder, Carneal has experienced temporary periods of mental incompetence since the time of the offense, but has not been totally incompetent for the uninterrupted duration. He has been aware of his mental disability for many years and has actively sought treatment. In light of Carneal's intermittent competence, we are unconvinced that his condition prevented compliance with the RCr 11.42 time limitation such that equitable tolling would be appropriate. Further, because the evidence in the record refutes Carneal's claim of an ongoing mental incompetence, an evidentiary hearing on this issue was unnecessary.

*Id.* at 429 (alteration in the original) (internal quotation marks and citations omitted).

In sum, our Supreme Court required an RCr 11.42 movant to show that he or she was totally incapacitated for the entire duration of the filing period. Carneal thus was not entitled to an evidentiary hearing to determine if equitable tolling should apply, even though he presented seemingly uncontested expert opinions that he had schizophrenia which caused, at minimum, some periods of incompetence. *Id.* Thompson, in turn, cannot be entitled to a hearing because he

submitted comparatively less detailed, compelling documentation showing he had a mental condition which rendered him unable to file a timely RCr 11.42 motion.

An evidentiary hearing is required before an RCr 11.42 motion may be resolved if "there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Haley v. Commonwealth*, 586 S.W.3d 744, 750 (Ky. App. 2019). But there is no material issue of fact regarding Thompson's incompetence "for the duration" because Thompson has not cited evidence which, if believed, would show that he was totally incompetent.

Instead, Thompson has submitted documents which would, if believed, show that he was diagnosed with depression and prescribed medications to treat that condition. We do not minimize the impact depression may have on the human body and mind. We also acknowledge that all medications may cause side effects, some of which may be so serious as to be incapacitating. However, to receive an evidentiary hearing on equitable tolling under the holding of *Carneal*, Thompson was required to present more than documents showing that *someone* with depression who took the same medications as did he *might possibly* be incapacitated. He instead was required to present evidence which, if believed, would show that *he* was *actually* totally incapacitated for the duration of the filing period. Thompson has not cited to any evidence from which a reasonable

decisionmaker could reach that conclusion.  Therefore, the trial court properly denied his motion as untimely.

We have concluded any arguments in the parties' briefs not discussed herein are redundant, irrelevant, or otherwise unnecessary to discuss in order to properly resolve this appeal.

For the foregoing reasons, the Hardin Circuit Court is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Kyle Thompson, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky